## DRISKILL *vs.* COBB *et al.*

Where the equity of the bill, if any, rests upon the allegation that a counsel of the defendant in the bill and the plaintiff in judgment at law entertained some of the jury who tried the cause at law, and there is conflict on the point that the person who entertained the jurymen was of counsel at all, this court will not control the chancellor in refusing to enjoin the judgment at law from proceeding to collect the debt—the conflict of testimony before him being matter for his discretion. In all cases equity should hesitate to interfere with a judgment at law by the stern process of a writ of injunction.

Practice in the Superior Court. Jurors. Equity. Injunction. Before Judge STEWART. Carroll county. At Chambers. February 8th, 1881.

Driskill filed his bill against Cobb *et al.* to enjoin the

issuing of a *fi. fa.* and making of a levy under a judgment
obtained by Cobb against him, and to set aside such judg-
ment and obtain a new trial.   The gist of the allegations
in the bill was that the case was tried on the last two days
of court, and that on the night intervening Mr. Cole, of
the firm of Cobb & Cole, attorneys of the plaintiff, enter-
tained two of the jurors empanneled in the case at his
house ; and that the fact was not known to defendant or
his attorneys until after the adjournment of court.   Dis-
covery was waived.

The answer denied that Mr. Cole in any way was con-
nected with the case, and alleged that while one of the
jurors boarded with Mr. Cole and another, who was a rela-
tive, remained at his house without pay during the term
of the court, nothing passed between them concerning
this case.

There were affidavits sustaining both the bill and an-
swer.

The chancellor refused an injunction, and complainant
excepted.

REESE & ADAMSON ; AUSTIN & HARRIS, by HARRISON
& PEEPLES, for plaintiff in error.

J. L. COBB; R. L. RICHARDS; W. W. & G. W. MER-
RELL, for defendants.

JACKSON, Chief Justice.

It is true that the law sacredly protects trial by jury,
not only from evil but "all appearance of evil."   No
party or attorney or agent of a party must approach this
place or the men who occupy its altars for the time ex-
cept through the presiding judge, the high priest, enrobed
with ermine as pure as the robes which Jehovah directed
should enfold the person of Aaron with "holiness to the
Lord" inscribed upon it.   From the time the juror is
sworn until he returns his verdict, he is sanctified—sep-

arated from all touch or attempt to touch him in the conscientious discharge of duty to the law; and all entertainment given him while thus separated is unclean meat which he may not eat, and none, however innocently in intention, may offer to his lips. But in the case before us, without considering whether equity would interfere at all to enjoin the judgment at law and its enforcement by execution at law in order to grant a new trial, when courts of law have full authority in extraordinary as well as ordinary cases to grant new trials, it is enough for this case to say that a much disputed point was whether the person who entertained some of the jury was of counsel at all. Over that disputed point the chancellor had the legal power to pass, and his judgment thereon concludes the issue. Over and over again that has been ruled by this court, and the principle is so rooted in our jurisprudence that it is vain to try to eradicate it now. Nothing short of the long arm of the Legislature can pull it up and cart it out. The refusal of the chancellor to grant the injunction will not, therefore, be interfered with in this case for that reason; and in all cases the facts should be clear and the equity settled and assured before the solemn and final judgment of a court of law is stayed by chancery.

Judgment affirmed.